NO. 07-02-0052-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

APRIL 4, 2002

______________________________

BETTY ANN NEWBY, 

Appellant

v.

TISDALE SIDING, INC.

Appellee

_________________________________

FROM THE COUNTY COURT OF HUTCHINSON COUNTY;

NO. 5681; HON. JACK WORSHAM, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Appellant Betty Ann Newby,
 proceeding 
pro se
, filed a notice of appeal from the trial court’s judgment dated October 7, 2001.  Both the clerk’s record and reporter’s record have been filed.  Appellant’s brief was originally due March 4, 2002, which date came and went without a brief or extension being filed.  The Court notified appellant on March 14, 2002, 

that the brief was past due and that failure to reasonably explain the reasons therefor could result in dismissal.  On March 15, 2002, a motion for extension of time to file the brief was filed and appellant was granted an extension until March 29, 2002. So too was she admonished that no further extensions would be granted without extreme and unusual circumstances.  The March 29, 2002 deadline has passed without appellant filing either a brief or a further motion to extend the deadline.

Accordingly, we dismiss the appeal for want of prosecution.  
See 
Tex. R. App. P.
 38.8(a)(1) and 42.3(b) and (c).

Per Curiam

   

Do not publish.

 we now abate this appeal and remand the cause to the 251
st
 District Court of Potter County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:   

Whether appellant desires to prosecute this appeal;

Whether appellant is indigent;

Whether appellant is entitled to a free appellate record due to his indigency; 

Whether appellant is entitled to appointed counsel; and, 

What orders, if any should be entered to assure the filing of appropriate notices and documentation to dismiss appellant’s appeal if appellant does not desire to prosecute this appeal, or if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.   

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall then file the supplemental record with the clerk of this court on or before July 21, 2006.  Should further time be needed by the trial court to perform these tasks, then same must be requested before July 21, 2006.  

It is so ordered.  

Per Curiam.  

Do not publish.